UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

JAMES KILKENNY, et al., as TRUSTEES of :
the CONSTRUCTION COUNCIL LOCAL 175 :
PENSION FUND, JAMES KILKENNY, et al., :
as TRUSTEES of the CONSTRUCTION :
COUNCIL LOCAL 175 WELFARE FUND, :
JAMES KILKENNY, et al., as TRUSTEES of :
the CONSTRUCTION COUNCIL LOCAL 175 :
ANNUITY FUND, and JAMES KILKENNY, et :
al., as TRUSTEES of the CONSTRUCTION :
COUNCIL LOCAL 175 TRAINING FUND, :

                                               :

Plaintiffs, :

                                               :

               -against- :

                                                 :

INTERCOUNTY PAVING ASSOCIATES, :
LLC :

                                               :

Defendant. :

------------------------------------------------------------ x

Civil Action No.: _____

Hon.

## COMPLAINT

Plaintiffs, the Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the Construction Council Local 175 Pension Fund (the "Pension Fund"), the Construction Council Local 175 Welfare Fund (the "Welfare Fund"), the Construction Council Local 175 Annuity Fund (the "Annuity Fund"), and the Construction Council Local 175 Apprenticeship, Skill Improvement and Training Fund (the "Training Fund") (hereinafter the Pension Fund, the Welfare Fund, the Annuity Fund, and the Training Fund are referred to collectively as the "Funds"), by their attorneys, Rothman Rocco LaRuffa, LLP, complaining of Defendant Intercounty Paving Associates, LLC, ("Intercounty" or "Defendant"), allege as follows:

## NATURE OF ACTION

1.     The Trustees bring this action, pursuant to the pertinent provisions of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, including, but not limited to, ERISA Sections 502(a)(3) and 515, 29 U.S.C. §§ 1132(a)(3), 1145, to collect unpaid benefit fund contributions, plus interest, the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the contributions due, attorneys' fees, and other collection costs from Defendant.

2.     In bringing this action, the Trustees are enforcing the Funds' Agreements and Declaration of Trust (the "Trust Agreements") that govern the Funds, as well as the collective bargaining agreements between Intercounty and Construction Council Local 175, Utility Workers of America, AFL-CIO (the "Union").

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to Sections 502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e)(1), (f), and 28 U.S.C. §§ 1331 and 1337.

4.     Venue properly lies in this District under the provisions of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds are administered within this District, a breach took place within this District, and Defendant resides or may be found within this District.

## THE PARTIES

5.     Plaintiffs are the Trustees of the Funds, and collectively are the "plan sponsors" within the meaning of Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Funds, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6.     The Funds are employee benefit plans within the meaning of Section 3(3) of

ERISA, 29 U.S.C. § 1002(3), and are multi-employer plans within the meaning of ERISA Section 3(37), 20 U.S.C. § 1002(37).  They were established pursuant to the terms of various collective bargaining agreements between the Union, which is a labor organization representing employees in an industry affecting commerce, and various employers. The Funds provide pension, health and welfare, annuity, and job training benefits to covered employees, retirees, and their dependents.  The Funds are operated pursuant to the terms of the Trust Agreements.

7.    The Funds maintain offices and are administered at 99 Mineola Avenue, Roslyn Heights, New York 11577 in the County of Nassau.

8.    Upon information and belief, Defendant Intercounty is a New York corporation that maintains a principal place of business at 85 W. John Street, Hicksville, New York 11801.

9.    Defendant was, at all times relevant hereto, party to a collective bargaining agreement with the Union ("CBA").  Pursuant to the CBA, Defendant was, at all times relevant hereto, obligated to make contributions to the Funds on behalf of certain of their employees.  As such, Defendant is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

10.    Pursuant to the CBA, Defendant was, at all times relevant hereto, bound by all terms and conditions of the Trust Agreements, including all rules, regulations, procedures promulgated by the Trustees of the Funds pursuant thereto, such as the Funds' Collections Policies and Procedures ("Collection Policies").

### AS AND FOR A FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

3

11.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "10" as if set forth here at length.

12.     As a result of work performed by employees of Defendant, pursuant to the CBA, there became due and owing to the Funds from Defendant the amount of not less than $125,000 for contributions and shortages in contributions for the months of January 2018 through July 2019, uninclusive of unpaid interest on the late and unpaid contributions and shortages.

13.     Pursuant to the Trust Agreements and Collection Policies, an employer that fails to make contributions to the Funds for which it is obligated on a timely basis is liable to the Funds, in addition to unpaid contributions, for interest at the rate of 10% per annum on the amount of unpaid contributions.

14.     Pursuant to the Trust Agreement and Collection Policies, an employer that fails to make contributions to the Funds for which it is obligated is liable to the Funds, in the event a judgment is awarded in favor of the Funds, in addition to unpaid contributions and interest, liquidated damages in an amount of 20% of the amount of the unpaid contributions, and reasonable attorney's fees and costs.

15.     Defendant has failed and refused to pay the contributions and interest on late payments due and owing to the Funds referenced herein, and the Funds have been damaged in the amount of at least $125,000 plus interest, liquidated damages, attorney's fees, costs and any other remedies permitted by law.

16.     By reason of its failure to pay the contributions and shortages due and owing to the Funds referenced herein, Defendant is in breach of the CBA, Trust Agreements and

4

Collections Policies and is indebted to the Funds in the amount of at least $125,000 with interest, liquidated damages, and reasonable attorney's fees and costs.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**(Violation of ERISA)**

17.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "16" as if set forth here at length.

18.     Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay fringe benefit contributions in accordance with the terms and conditions of a collective bargaining agreement.

19.     Defendant has failed and refused to pay all fringe benefit contributions and interest due to the Funds in accordance with the CBA, Trust Agreements and Collections Policies in the amount of at least $125,000 for the months of January 2018 through July 2019.

20.     By its failure and refusal to pay contributions and interest owed to the Funds, Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145.

21.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that in any action by a fiduciary to enforce section 515 or ERISA in which a judgment in favor of the Trustees is awarded, the Court shall award, in addition to unpaid contributions, interest, an amount equal to the greater of interest or liquidated damages provided under the plan in an amount not in excess of twenty percent, and reasonable attorney's fees and costs.

22.     By its failure to pay contributions owed to the Funds in accordance with the

Trust Agreement and Collection Policies, Defendant is liable to the Funds for at least $125,000 for the months of January 2018 through July 2019 with interest, liquidated damages and reasonable attorney's fees and costs.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (Injunctive Relief Pursuant to ERISA)

23.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "22" as if set forth here at length.

24.     Pursuant to the CBA, Trust Agreement, Collections Policies and ERISA, Defendant is required to make contributions to the Funds on a timely basis for so long as Defendant is obligated to do so pursuant to the CBA and any successor agreements.

25.     Defendant has failed to accurately make contributions to the Funds on a timely basis for at least the months of January 2018 through July 2019 and is currently in breach of its contractual obligations under the CBA, the Trust Agreement and Collections Policies and is in violation of ERISA.  Defendant's conduct of failing to make payments to the Funds since January 2018 demonstrates a significant likelihood that it will continue to breach the aforementioned contractual and statutory obligations.

26.     The Funds have no adequate remedy at law to ensure that Defendant will continue to adhere to its contractual and statutory obligations.

27.     The Funds will suffer immediate and irreparable injury unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to make the required contributions to the Funds on a timely basis for so long as Defendant is contractually and statutorily obligated to do so.

28.     Accordingly, the Funds request that the Court issue an injunction permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing, or neglecting to make required contributions to the Funds.

**AS AND FOR A FOURTH CLAIM FOR RELIEF**
**(Continuing Violation of ERISA)**

29.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "28" as if set forth here at length.

30.     Defendant has continuously ignored the Funds' continuing demands for payment of all contributions due and owing.

31.     During the course of this action, additional contributions and/or shortages may become due and owing to the Funds. If Defendant fails to pay the contributions and shortages on a timely basis, Defendant shall continue to be liable to the Funds for amounts to be determined at the time of trial or judgment.

32.     Defendant's continuing failure to make contributions to the Funds on a timely basis constitutes a breach of the CBA and Trust Agreement and is a violation of Section 515 of ERISA, 29 U.S.C. §1145.

33.     By reason of the foregoing, Defendant is liable to the Funds for any contributions and shortages which it fails to pay on a timely basis during the pendency of this action, with interest, liquidated damages, and reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully demand judgment as follows:

1.      Ordering Defendant to pay the Funds unpaid contributions and unpaid interest on late payments in the amount currently due and owing and in the amount(s) which may become due and owing during the pendency of this action;

2.      Ordering Defendant to pay to the Funds pre-judgment interest on all unpaid contributions to be computed pursuant to the Trust Agreement and ERISA;

3.      Ordering Defendant to pay liquidated damages on all contributions now due and owing and which accrue during the pendency of this action and reasonable attorney's fees and costs in accordance with the Trust Agreement and ERISA;

4.      Permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as Defendant remains obligated to contribute to the Funds from failing, refusing, or neglecting to pay and/or submit the required contributions; and

5.      Granting such other and further relief as the Court deems just and proper.


                              Respectfully submitted,

                              ROTHMAN ROCCO LaRUFFA, LLP
                              *Attorneys for Plaintiffs*

                                   */s/ Matthew P. Rocco*
                              By: _____
                                   Matthew P. Rocco
                              3 West Main Street, Suite 200
                              Elmsford, New York 10523
                              T: (914) 478-2801
                              F: (914) 478-2913
                              Email: mrocco@rothmanrocco.com

Dated:  August 6, 2019
          Elmsford, New York